IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:14-CR-276(1)-ADA |
| | § | |
| CATRINA CONNER | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Defendant Catrina Conner's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

On [date], [defendant] was sentenced to a 72-month term of imprisonment, followed by a three-year period of supervised release for the offense of Posessing Contraband in Prison, in violation of 18 U.S.C. §§ 1791(a)(2) and 1792(b)(1). Conner began her period of supervision on July 16, 2025.

On December 22, 2025, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging that Conner violated the terms of her supervision in the following ways:

**Violation Number 1:** Conner violated Mandatory Condition Number 4, she must report to the probation office in the district in which the defendant is released within 72 hours of release from custody.

**Violation Number 2:** Conner violated Standard Condition Number 2, she shall report to the probation office in a manner and frequency directed by the court or probation officer.

**Violation Number 3:** Conner violated Standard Condition Number 16, she shall submit to an evaluation for mental health counseling as directed by the probation officer and, if deemed necessary by the probation officer, she shall participate in a mental health program approved by the probation officer.

**Violation Number 4:** Conner violated Standard Condition Number 3, she shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer.

**Violation Number 5:** Conner violated Standard Condition Number 5, she shall work regularly at lawful employment, unless excused by the probation officer for schooling, training, or other acceptable reasons.

**Violation Number 6:** Conner violated Standard Condition Number 3, she shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Violation Number 7:** Conner violated mandatory condition number 1, she shall not commit another federal, state, or local crime.

On January 13, 2026, the Court held a hearing on the petition. At the hearing, Conner pled **TRUE** to Violation Numbers 1–6 and **NO CONTEST** to Violation Number 7. The petition contained a sufficient factual basis to support pleas of **TRUE** and **NO CONTEST**.

## II.  FINDINGS OF THE COURT

Based on Conner's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1.    Conner violated the conditions of her supervision as alleged in the petition.

2.    Conner was competent to make the decision to enter pleas of **TRUE** and **NO CONTEST**.

Page 2 of 5

3. Conner had both a factual and rational understanding of the proceedings against her.

4. Conner did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her pleas.

5. Conner was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her pleas.

6. Conner was sane and mentally competent to stand trial for these proceedings.

7. Conner was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8. Conner received a copy of the petition naming her, and she either read it or had it read to her.

9. Conner understood the petition and the charges alleged against her.

10. Conner had a sufficient opportunity to discuss the petition and charges with her attorney.

11. Conner was satisfied with the job her attorney has done and had no complaints about her attorney.

12. Conner understood that she had the right to plead NOT TRUE and proceed with a hearing at which she could present evidence and cross-examine witnesses.

13. Conner freely, intelligently, and voluntarily entered her pleas of **TRUE** and **NO CONTEST**.

14. Conner understood her statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Conner's pleas of **TRUE** and **NO CONTEST**.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that [defendant]'s supervised release be **REVOKED** and that she be sentenced to the following:

(1) a fourteen (14)-month term of imprisonment, including credit for any time in federal custody already served since her arrest, to run consecutively to the term of imprisonment imposed in her second federal case (6:13-CR-56(1)-ADA) and to any period of imprisonment imposed in Conner's pending Texas state court action;

(2) a two-year period of supervised release to follow, which shall run concurrently with the period of supervised release imposed in her second federal case (6:13-CR-56(1)-ADA) case but consecutively to any period of release imposed in her pending Texas state court case; and

(3) the undersigned further **RECCOMENDS** that the following special conditions be imposed for Conner's period of supervised release: (a) employment restrictions preventing Conner from working in any field with access to personal identifying information or financial information of others (including home healthcare); (b) a mental health assessment with treatment and medications; (c) cognitive education-based classes or programs; (d) theft-prevention classes or programs; and (e) a GPS Location Monitor for the first six months of her supervision.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The district court need not consider frivolous, conclusive, or general objections. *See*

*Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 14th day of January, 2026.

DAN MACLEMORE
UNITED STATES MAGISTRATE JUDGE